UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLYDE MORRIS FRICKE** | * | CIVIL ACTION NO. 12-cv-01753 |
| | * | |
| **VERSUS** | * | SECTION "C" |
| | * | |
| **JOHN W. STONE OIL DISTRIBUTOR, LLC.** | * | HON. HELEN BERRIGAN |
| | * | |
| | * | MAG. KAREN WELLS ROBY |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER AND REASONS[1]

Before this court is defendant John W. Stone Oil Distributor, LLC 's ("Stone Oil") Motion for Partial Summary Judgment on plaintiff's claim for maintenance and cure. (Rec. Doc. 24). Defendants motion alleges that plaintiff made material misrepresentations during his hiring process with Stone Oil and did not suffer any new injuries in connection with the alleged accident and injury while employed with Stone Oil, and that therefore it is entitled to summary judgment on defendant Fricke's claim for maintenance and cure. *Id.*

Having reviewed the record, memoranda of counsel, and the applicable law, defendant's Motion for Partial Summary Judgment is DENIED (Rec. Doc. 24) for the following reasons.

## I. FACTUAL BACKGROUND

The following facts are uncontested:

Plaintiff Clyde Fricke ("Fricke") alleges that he suffered injuries to his neck and shoulder while employed by Stone Oil. (Rec. Doc. 24-2 at ¶ 1, Rec. Doc. 32-8 at ¶ 1). The accident at issue in this case occurred on January 11, 2012, when the M/V STEPHANIE STONE, on which

---

[1]Katharine Williams, a third year law student at Tulane University, helped prepare part of this order.

1

Fricke was employed, collided with a barge. (Rec. Doc. 24-1 at 7, Rec. Doc. 32 at 4). At the time of the collision, Fricke was asleep in his bunk. (Rec. Doc. 24-1 at 7, Rec. Doc. 32 at 4). Plaintiff claims that he suffered head and shoulder injuries as a result of the collision. (Rec. Doc. 24-1 at 7, Rec. Doc. 32 at 4).

Plaintiff Fricke has filed four prior lawsuits for personal injuries arising out of a work related accident. (Rec. Doc. 24-2 at ¶ 3, Rec. Doc. 32-8 at ¶ 3). Fricke has undergone six prior spinal surgeries as a result of prior accidents and injuries. (Rec. Doc. 24-2 at ¶ 3, Rec. Doc. 32-8 at ¶ 3). Fricke settled his last most recent injury claim on July 11, 2008. (Rec. Doc. 24-2 at ¶ 22, Rec. Doc. 32-8 at ¶ 22). Within three months of this settlement, Fricke sought employment with Stone Oil. (Rec. Doc. 24-2 at ¶ 23, Rec. Doc. 32-8 at ¶ 23). As a part of his application for employment with Stone Oil, Fricke underwent a pre-employment physical with Dr. Richard Wei. (Rec. Doc. 24-2 at ¶ 24, Rec. Doc. 32-8 at ¶ 24). The Certificate of Medical Examination that Fricke completed in connection with this pre-employment physical asked whether or not the applicant was currently taking any medication, and Fricke checked "No." (Rec. Doc. 24-2 at ¶ 26, Rec. Doc. 32-8 at ¶ 26), *see also* (Rec. Doc. 24-5 at 34). On this application and another physical examination report, Fricke failed to disclose that he was being prescribed and filling prescriptions for narcotic pain relievers, muscle relaxers and anxiety medication. (Rec. Doc. 24-2 at ¶ 29, Rec. Doc. 32-8 at ¶ 29).

## II. LAW AND ANALYSIS

### A. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure states: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56.  When considering whether any genuine issues of material fact exists, courts view the evidence and inferences drawn from that evidence in the light most favorable to the non-moving party. *United States ex re. Reagan v. East Texas Medical Center Regional Healthcare System*, 384 F.3d 168, 173 (5th Cir. 2004) (*citing Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2502, 91 L.Ed.2d 202 (1986)).  A factual dispute precludes summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 762 (5th Cir. 2001).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (*citing Celotex*, 477 U.S. at 322-24).  In order to satisfy its burden, the nonmoving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 871-73 (1990). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1996).  "If the

evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50.

**B. Maintenance and Cure**

A seaman injured in the course of his employment is entitled to maintenance and cure. *Great Lakes Dredge and Dock Co. v. Martin*, No. 11-0405, 2012 WL 3158870, at *2 (E.D. La. August 3, 2012), *citing Chaney v. Omega Protein, Inc.*, No. 09-7235, 2010 WL 2977385, at *3 (E.D. La. July 21, 2010). A shipowner's obligation to provide cure to an injured seaman is an implied term of a maritime employment contract and does not depend on a determination of fault. *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 380 (5th Cir. 2012), *citing Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006). Maintenance and cure requires the vessel owner to provide food, lodging and medical services to the injured seaman. *Atlantic Sounding Co., Inc. v. Parker*, No. 09-6831, 2010 WL 2836130, at *5 (E.D. La. July 14, 2010), *citing Lewis v. Lewis & Clark Marine, Inc.,* 532 U.S. 438, 441, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001). The Supreme Court has long recognized the importance of these remedies and has declared that the doctrines of maintenance and cure are to be liberally construed to benefit the seaman. *Id., citing Cooper v. Diamond M Co.,* 799 F.2d 176, 179 (5th Cir. 1986). Ambiguities or doubts regarding the entitlement to maintenance and cure are resolved in the seaman's favor. *Id.*

However, an injured seaman can forfeit maintenance and cure in certain narrow and well-defined circumstances. *Brown v. Cenac Towing, Inc.,* No. 09-105, 2010 WL 2559079 at * 2 (E.D. La. June 24, 2010), *citing Oswalt v. Williamson Towing Co., Inc.*, 488 F.2d 51, 53 (5th Cir. 1974). A Jones Act employer is entitled to investigate a seaman's claim for maintenance and cure benefits. *Brown v. Parker Drilling Offshore Corp.,* 410 F.3d 166, 171 (5th Cir. 2005), *citing*

*Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987). An employer is allowed to rely on certain legal defenses to deny these claims. *Id., citing McCorpen v. Cent. Gulf S.S. Corp.,* 396 F.2d 547 (5th Cir. 1968). One such defense is that the injured seaman willfully concealed from his employer a preexisting medical condition. *Id.* In order to establish a *McCorpen* defense, an employer must show that:

> (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit.

*Id.*

In the present case, Stone oil claims that Fricke is not entitled to maintenance and cure. He asserts that this is the case because Fricke intentionally misrepresented and concealed medical facts by checking "no" rather than "yes" when asked if he was "Taking Medication Now." (Rec. Doc. 24-1 at 10). In doing this, Stone Oil argues that Fricke failed to disclose the narcotic medications he was prescribed by Dr. Dietz. *Id.* The defendant also argues that Fricke failed to provide truthful information on his Back History Questionnaire. *Id.* Specifically, Stone Oil claims Fricke was untruthful because he did not disclose that he had been recommended for, but had not undergone, lumbar surgery and a C3-4 C4-5 facet rhizotomy/neurotomy, or that he was currently being treated for neck pain. *Id.* at 11. Additionally, he did not disclose his prior shoulder diagnosis and surgical recommendation, or that he had been prescribed and filled prescriptions for narcotic pain relievers, muscle relaxers and anxiety medication. *Id.* Stone Oil claims that in addition to Fricke's misrepresentation of medical facts, his injuries are exactly the

5

same as his past injuries. *Id.* at 13.

Plaintiff claims that he has always disclosed his medical condition regarding his spine. (Rec. Doc. 32 at 4). He claims that he did not check the "yes" box for taking medication because it asked if he was taking medication "now," and he was not taking medication now. *Id.* at 5. Drug screenings verify that Fricke was not taking medication while working. *Id.*, Exh. 3. Additionally, Fricke had previously confirmed that he would avoid using medication while working at Stone Oil. *Id.* at 6 & Exh. 5, 94-97.

A close inspection of the record from Fricke's pre-employment medical examination details that he did not conceal his past injuries including his cervical and lumbar conditions. (Rec. Doc. 32, Exh. 1). The thoroughness of Fricke's responses, and the x-ray that he underwent, demonstrate that he was not attempting to conceal his recommendation for surgery, or his C3-4 C4-5 facet rhizotomy/neurotomy. *Id.* Fricke stated on his Back Screening Questionnaire, "I had surgery to my back & 2 rods and screws have since been released for work." *Id.*

Dr. Wei, the physician that conducted Fricke's pre-employment medical examination, stated in his deposition that Fricke disclosed his past surgeries to him. (Rec. Doc. 24, Exh. T). After Fricke disclosed the surgeries, Fricke got a release from his treating physician. *Id.* Fricke concedes that he did not disclose his previous shoulder condition. (Rec. Doc. 32 at 7). He claims that this is because he did not remember his previous treatment. *Id.* Fricke admits that the *McCorpen* defense would apply to the shoulder, but he claims that the condition was aggravated in his recent accident, and that it is therefore a compensable injury. *Id.* Dr. Wei stated in his deposition that if Fricke had disclosed his shoulder injury, he would have asked his orthopedic surgeon for a release to work. (Rec. Doc. 24, Exh. T). Although Fricke's release to work came

6

from Dr. Dietze, he is in the same practice with Dr. Texada, and therefore would have likely had access to the records from Dr. Texada before clearing him for work on September 29, 2008 and on October 3, 2008. (Rec. Doc. 32, Exh. 1). On the September 29 release, Dr. Dietze noted the cervical fusion on plaintiff's return to work release. *Id.* However, on the October 3 release, he made no such notation and merely stated that Fricke could return to work "without restrictions" and may lift 50 pds. *Id.* Considering that Dr. Wei said he would have asked for a release if he had known about Fricke's shoulder, and that Fricke had a release to work, the lack of disclosure regarding the shoulder does not appear material.

It is disputed as to whether Fricke truthfully answered the question about whether he was taking medication, but defendant has not demonstrated that the answer to this question would have been material, or demonstrates a causal relationship between Fricke's past injuries and his current injury. *Brown v. Parker Drilling Offshore*, 410 F.3d at 175-76. It appears that Fricke did not use the medication while working. It is also not clear that Fricke would have been denied employment if he had disclosed his prescriptions because Dr. Dietze had given Fricke a note that he could return to work "without restrictions" on October 3, 2008.

Plaintiff has sued for injuries to his "shoulder, head, cervical spine, extremities and psyche." (Rec. Doc. 1 at 2). In *Kathrun Rae Towing, Inc.*, the Court found that Buras's past back problems were obviously connected to his current back problems. 2013 U.S. Dist. LEXIS 2122, at *19 (E.D. La, Jan. 7, 2013). The Court explained that Courts have repeatedly held summary judgment to be warranted where the seaman complains of back injuries that are similar to his preexisting back problems. *Id.* at 20. Here, plaintiff has complained of several injuries and defendant has not taken the time in its motion for partial summary judgment to explain why each

injury is actually similar to a previous injury.  Without further information, the Court cannot determine whether, as the defendant claims, Fricke suffered no new injuries.  This is a question for the trier of fact.

Accordingly,

Defendant's motion for partial summary judgment is DENIED. (Rec. Doc. 24).

New Orleans, Louisiana, this 29th day of April, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**